UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VICTOR HUBBERT,

          Plaintiff,

                                     Case No. 22-cv-1069-pp

   v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

     The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

     To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

     Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff indicates that he is not employed, he is not married, and he has no dependents he is responsible for supporting. Dkt. No. 2 at 1. The plaintiff receives $250 each month in food stamps and the only expenses listed are $250 each month in other household expenses, Id. at 2. The plaintiff does not own a car or his home or any other

1

property of value, and he has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states "I have never been formally employed," id. at 2, and "I only receive food stamps and rely on social programs to help me with my daily needs. I'm on assisted housing, I have a government phone, and receive a bus pass from the DVR to cover transportation. I do not have any money to pay for my necessary expenses, let alone the filing fee," id. at 4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $52 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that he was denied Supplemental Security Income benefits due to lack of disability, that he is disabled, that "the agency committed error of law by denying Appeals Council review of the decision by the Administrative Law Judge, or otherwise to deny relief that was within the authority of the Appeals Council," and that the conclusions and findings of fact of the Commissioner when denying benefits are not supported

by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 16th day of September, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3